Hall, Judge.

—It is declared in the 4th article of the constitution of the United States, that
" full faith and credit shall be given in each State " to the public acts, records and judicial pro-” ceedings of every other State; and Congress " may, by general laws, prescribe the manner in " which the same shall be proved, and the effect *487 " thereof.” The act of the first Congress, 2d session, ch. 11, in conformity thereto, after pointing out the manner in which records. &c. shall be authenticated, declares, " that records, &c. so “ authenticated, shall have such faith and credit " given to them, in every court within the United " States, as they have by law or usage in the " courts of the State from whence they may be “ taken.” The record of a judgment obtained in another State, is plainly comprehended in the words and meaning of the constitution, and the before-recited act of Congress. It was, therefore, clearly intended to place them on a different footing from that on which they stood, or from that on which, they would stand, in case no such provision existed. The record of the judgment in question, is entitled to the same faith and credit in this court, as it is entitled to in the courts of the State from whence it came. In those courts, I apprehend, the plea of Nil debit would not be admissible; if so, it is equally in-admissible here. This proves, that such judgment cannot be considered in the light of a foreign judgment. This point appeared to plain in favour of the plaintiff, in the case of Armstrong vs. Carron’s ex’rs, 2 Dallas Rep. 302, that the counsel for the defendant declined arguing it. See also Phelps & al. vs. Halker & al. 1 Dallas Rep. 261.
The judgment which the Court gave in this case, was a general judgment upon the verdict, not a direct one upon the record, which ought to have been the case. I therefore think the judgment must be reversed.
*488 Macay, and Taylor, Judges, concurred in opinion with Juge Hall, that the judgment of the county court be reversed.
Locke, Judge, having been concerned as counsel in the cause, gave no opinion.